**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WILLIAM NELSON, III**                                              **PLAINTIFF**

**V.**                                                      **NO. 4:16-CV-124-DMB-DAS**

**TIMOTHY MORRIS, et al.**                                      **DEFENDANTS**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge David A. Sanders. Doc. #20.

**I
Procedural History**

On or about June 17, 2016, William Nelson, III filed a pro se prisoner complaint against several employees of the Mississippi State Penitentiary ("MSP"). Doc. #1. On April 20, 2017, United States Magistrate Judge David A. Sanders held a *Spears*[1] hearing on Nelson's allegations. Doc. #16. On September 22, 2017, Judge Sanders issued a Report and Recommendation recommending that Nelson's complaint be dismissed for failure to state a claim against any named defendant. Doc. #20. Nelson acknowledged receipt of the Report and Recommendation on or about October 4, 2017, Doc. #21, and filed objections thereto, Doc. #22.

**II
Standard of Review**

Where objections to a report and recommendation have been filed, a court must conduct a de novo review of the report and recommendation to which objections have been specifically raised. *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009). Where no objections have been raised, "the Court need only satisfy itself that there is no plain error on the

---
[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

face of the record." *Id*. (citing *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)).

**III**
**Analysis**

**A. Nelson's Complaint and *Spears* Testimony**

Nelson's complaint and *Spears* hearing testimony alleges that he was issued multiple rules violations reports on May 4, 2016, in connection with an assault on correctional officers and, as a result, he was placed in administrative segregation. Nelson claims that a correctional officer, Jennifer White, "falsely forged the rule violations reports." Specifically, Nelson contends that White forged the rules violations reports by making it appear that he refused to sign them. According to the rules violations reports, correctional officer Anita Cobb attempted to deliver the reports to Nelson but Nelson refused to sign them. Nelson claims that Cobb never attempted to deliver the rules violations reports and that he did not refuse to sign them.

Additionally, Nelson claims disciplinary hearing officer Kenya Terry improperly found him guilty of the underlying rules infractions based on insufficient evidence. Nelson also seeks to sue the warden of MSP, Timothy Morris, and the Administrative Remedy Program ("ARP") Legal Claims Adjudicator, Ronnie Pennington, for not ruling in his favor when Nelson sought relief through the ARP at MSP.

**B. Report and Recommendation**

The Report and Recommendation recommends dismissal of Nelson's complaint for failure to state a claim against any named defendant. Doc. #20 at 2. It concludes that Nelson fails to state a claim with respect to the officers involved in MSP's disciplinary process because under *Sandin v. Conner*, 515 U.S. 472 (1995), federal courts may not review results of disciplinary hearings that do not implicate liberty or property interests. *Id*. With regard to Nelson's ARP claims against

Morris and Pennington, the Report and Recommendation recommends dismissal because "no prison system is required to establish grievance procedures nor to abide by any procedures it may have established," and a prisoner does not have a cognizable claim because he is dissatisfied with the outcome of an administrative appeal. *Id*.

**C. Nelson's Objections**

*1. Liberty interest*

In his objections, Nelson contends that he "does have a due process liberty interest in avoiding the punishments … imposed upon him." Doc. #22 at 1. Nelson first argues that courts, in some circumstances, have recognized a liberty interest to be free from long-term segregated confinement. Nelson asserts that he has a liberty interest in the prolonged time he has served in punitive segregation, and that he was denied due process when he was not permitted to call witnesses at his disciplinary hearing and when he was not provided with a meaningful explanation of his guilt at the conclusion of the disciplinary hearing.

In *Sandin*, the United States Supreme Court held that a prisoner has a cognizable liberty interest only when the punishment "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The Fifth Circuit looks to the nature of the confinement and its duration to determine whether the punishment imposes an "atypical and significant hardship." *Wilkerson v. Goodwin*, 774 F.3d 845, 853 (5th Cir. 2014). Here, Nelson does not argue that the conditions of his punitive confinement run afoul of Constitutional protections; rather, he argues that the length of his sentence to punitive segregation establishes a cognizable claim under *Sandin*.

The Fifth Circuit and other courts have found that a thirty-nine-year sentence to solitary confinement gives rise to a liberty interest and has expressed agreement with courts that have

3

concluded shorter sentences do the same. *See id.* at 855 (5th Cir. 2014) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) for the proposition that eight years of administrative custody with no prospect of immediate release sufficient); *Harden-Bey v. Rutter*, 524 F.3d 789, 793 (6th Cir. 2008) (three years of administrative segregation which was "not improbably" indefinite sufficient)). However, the Fifth Circuit and other courts have held that relatively short periods of confinement do not implicate a liberty interest. *See Hernanzez v. Velasquez*, 522 F.3d 556, 563 (5th Cir. 2008) (approximately twelve-month lockdown insufficient for liberty interest); *see also Jones v. Baker*, 155 F.3d 810, 812–13 (6th Cir. 1998) (confinement up to two and a half years does not give rise to liberty interest); *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (fifteen-month confinement insufficient to give rise to liberty interest).

Based on the authority above, Nelson's 488 days in punitive confinement does not rise to the level of a deprivation of liberty interest. However, Nelson also alleges that his sentence to punitive segregation is indefinite. While an indefinite sentence to punitive segregation is relevant to the liberty interest inquiry, it alone is insufficient to give rise to a liberty interest. *See Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (liberty interest found where indefinite sentence was imposed *and* inmate was disqualified from future parole consideration); *Farr v. Rodriguez*, 255 F. App'x 925, 926 (5th Cir. 2007) ("indefinite nature of placement in administrative segregation was not alone decisive in *Wilkinson*"). Thus, Nelson fails to allege any facts beyond the indefinite sentence that would plausibly allege MSP infringed upon a liberty interest. Accordingly, his claims with respect to MSP disciplinary process are dismissed.

### 2. ARP claims

Nelson does not object to Judge Sanders' general finding in the Report and Recommendation that prisoners have no cognizable claim based on a prison's failure to abide by

4

its grievance procedures or based on a prisoner's dissatisfaction with the outcome of a grievance process. The Court perceives no plain error as to those findings and conclusions.

In his objections, Nelson argues that Pennington and Morris are "responsible for [the due process violations] when they failed to correct them and review them in the course of their supervisory responsibilities." Doc. #22 at 8. As discussed above, because Nelson's confinement to punitive segregation does not give rise to a liberty interest, Nelson's due process claims against Pennington and Morris also must fail. Therefore, this objection is meritless.

### IV
### Conclusion

Having reviewed the Report and Recommendation de novo, the Report and Recommendation [20] is **ADOPTED** as the order of the Court and this action is **DISMISSED**. A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 28th day of December, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**